```
               IN THE UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION
```

UNITED STATES OF AMERICA,      )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  06 CR 359-3
                               )
MELVIN DOKICH,                 )
                               )
          Defendant.           )

## MEMORANDUM ORDER

Melvin Dokich ("Dokich") has written the attached letter[1] to this Court, seeking the appointment of counsel to represent him in two respects. As explained here, that request cannot be granted as Dokich has tendered it.

To begin with, any application for the appointment of counsel under the Criminal Justice Act ("CJA," 18 U.S.C. §3006A) must of course be supported by an appropriate showing of financial eligibility, a requirement that is not met by Dokich's conclusory statement that "I am indigent and cannot afford to hire an attorney." But even if that deficiency were to be cured, Dokich's request would still have to be denied.

That aside, the first paragraph of the Dokich letter--that asking for the appointment of "new counsel regarding possible Rule 35 consideration"--is troublesome in several respects. For

---

[1] This Court has attached the letter itself because Dokich has not indicated its transmittal to anyone other than this Court, and the attachment will make certain that everyone involved gets a copy.

one thing, if Dokich is speaking of an effort on his own behalf to seek sentence reduction under Fed. R. Crim. P. ("Rule") 35, this Court would be without jurisdiction to provide such relief. And if instead Dokich is seeking assistance in connection with a possible government-initiated motion under Rule 35(b), further information is needed in that regard (including a showing that such representation is within the scope defined by the CJA).

But perhaps most importantly, attorney Stephen Eberhardt was initially appointed to serve that function about a year ago, and he found Dokich totally uncooperative despite Eberhardt's efforts to be of assistance.  That lack of cooperation was the express reason for Eberhardt's application to withdraw from representation, which this Court granted last month.  So Dokich owes some further explanation before any further consideration may be given to a renewed appointment.

Finally, as to the second paragraph of Dokich's letter, none of the subparts of 18 U.S.C. §3006A(a)(1) appears to support the provision of counsel for the purposes that Dokich describes.  If Dokich wishes such assistance, he should identify the statutory predicate supporting the request.

_____
    Milton I. Shadur
    Senior United States District Judge

Date:  April 16, 2010

04-03-2010

Melvin Dokich
Reg. No. 18725-424
Satellite Prison Camp
P.O. Box 1000
Marion, IL 62959

Honorable Judge Shadur
Everette McKinley Dirksen
United States Courthouse
Courtroom #2303
219 S. Dearborn
Chicago, IL 60604

Dear Judge Shadur,

    Your Honor, I have received notification that Mr. Stephen Eberhardt was allowed to withdraw from my case on March 16, 2010. I respectfully request that you please appoint new counsel regarding possible Rule 35 consideration. I am indigent and cannot afford to hire an attorney.

    Another reason I need counsel is that I have an abundance of information on the Efoora Investigation that would be of interest to the Government. I also have critical information in the Blagojevich matter, thus I need counsel to advise me on how to present the hard copy of these materials.

Respectfully submitted,

_Melvin Dokich_
Melvin Dokich